### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY TRALIES | : |
| Plaintiff, | : |
| | :  NO. |
| v. | : |
| UNITES STATES OF AMERICA | : |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Timothy Tralies is an adult individual, citizen of the State of Pennsylvania and residing at 145 Hermitage Street, Philadelphia, PA 19127.

2. The Defendant is the United States of America, which can be held liable for tort claims to the same extent as a private individual under like circumstances with the exception of prejudgement interest and punitive damages pursuant to 28 U.S.C.S. § 2674

### JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1346(b).

4. On March 13, 2002, the United States General Services Administration denied Plaintiff's claims and therefore Plaintiff has properly exhausted his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675.

5. Venue is proper in the Eastern District of Pennsylvania, wherein Defendant regularly conducts business and where the tortious conduct occurred.

### COUNT I

**RESPONDEAT SUPERIOR**

6. On or about June March 20, 2000, Plaintiff was a business invitee of the United States Customs House at 2nd and Chestnut Streets in Philadelphia Pennsylvania which at all relevant times was under the possession and control of the Defendant United States of America through its federal agency the General Services Administration.

7. On that day, Plaintiff was loading and unloading supplies into a freight elevator on the third floor of the Customs house in the course and scope of his employment with Gilmartin Painting.

8. While performing the aforementioned activities, plaintiff and other employees of Gilmartin Painting informed Joe Worthington that the elevator door was suddenly closing without warning.

9. At all times relevant, Mr. Worthington was acting in his capacity as an agent, servant or employee of the Defendant United States.

10. Mr. Worthington acknowledged the problem and agreed to hold the door open with a key override while plaintiff loaded and unloaded the elevator.

11. As plaintiff passed under the open elevator door, the door suddenly came down on him, causing the severe injuries as outlined below.

12. The incident described above was caused by the negligence and carelessness of Defendant's agent, servant or employee Joe Worthington in that he:

    a. failed to keep the elevator door from closing;

    b. failed to keep the key turned to keep the elevator door from closing;

    c. failed to warn the plaintiff that he was no longer holding the door open;

    d. failed to warn the plaintiff that the elevator door might close on him;

      e.  failed to warn the plaintiff about the closing elevator door; and

      f.  failed to warn the plaintiff about the hazards of the door closing on him.

13.  As a direct and proximate result of the Defendant's negligence and carelessness, Plaintiff was caused to suffer and may continue to suffer severe injuries to his face, neck and back, including but not limited to cervical and lumbosacral strain and sprain, loss of range of motion in his neck, cervical myofascitis, facet syndrome, segmental dysfunction/subluxation of the cervical and lumbosacral areas, disc protrusions at L1-2, L2-3, L3-4 and L5-S1, trauma and scarring to his face, cuts, scrapes, abrasions and bruises, pain, suffering, aggravation and inconvenience, humiliation, embarrassment, loss of life's pleasures and disfigurement.

14.  As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred in the past and may incur in the future, expenses for medical treatment and care for injuries.

15.  The Defendant is liable for the harm and injuries caused by the negligence of Joe Worthington under the doctrines of Respondeat Superior and agency.

**WHEREFORE**, Plaintiff, Timothy Tralies, demands judgment against Defendant United States of America in the amount of $26,000.00 together with all costs and interest as the law may allow.

## COUNT II

## PREMISES LIABILITY

16. The allegations of the corresponding paragraphs are incorporated by reference as though set forth at length below.

17. The Defendant Unites States General Services Administration was negligent in with respect to its possession, maintenance and control of the elevator by the following acts and omissions:

    a. failing to properly maintain the elevator;

    b. failing to properly inspect the elevator;

    c. permitting a dangerous elevator to be used by business invitees;

    d. failing to warn of the hazards of using the elevator;

    e. failing to ensure that the elevator would not close without warning;

    f. failing to have adequate safety features so that the elevator door would not close on passengers;

    g. allowing a hazardous condition to remain on its property despite actual and constructive knowledge thereof; and,

    h. failing to adjust the elevator door so that it did not close with excessive speed or force.

18. As a direct and proximate result of the Defendant's negligence and carelessness, Plaintiff was caused to suffer and may continue to suffer the injuries and harm as set forth above.

**WHEREFORE**, Plaintiff, Timothy Tralies, demands judgment against Defendant United States of America in the amount of $26,000.00 together with all costs and interest as the law may allow.

                                          ABRAHAM, BAUER & SPALDING, P.C.

BY:_____
     RICHARD C. SOKORAI
     ABRAHAM, BAUER & SPALDING, P.C.
     1600 Market Street
     5th Floor
     Philadelphia, PA  19103
     (215) 569-99904

     Attorney for Plaintiff

Dated: _____