IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY TRALIES,<br>Plaintiff, | :<br>:<br>: | |
| v. | : | Civil Action No. 02-4822 |
| | :<br>: | |
| UNITED STATES OF AMERICA,<br>Defendant. | : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Cedric D. Bullock, Assistant United States Attorney, for its Answer to plaintiff Timothy Tralies Complaint states the following upon information and belief. With regard to the allegations contained in the numbered paragraphs of the Complaint, the United States responds as follows, according to the numbered paragraphs thereof:

## PARTIES

1. Admitted.

2. Admitted that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, upon which plaintiff's suit is predicated, constitutes a limited and conditional waiver of the government's sovereign immunity.

3. Admitted that the United States District Court has exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied that Mr. Worthington heard a statement that the elevator doors were closing while employees of Gilmartin Painting were loading and unloading supplies into a freight elevator.

9. Admit that Mr. Worthington is an employee of the General Services Administration. The United States, after investigation is without knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's allegation that Mr. Worthington was acting in his capacity as an agent, servant or employee of the United States at the time that the accident, which is the subject of this action, occurred, therefore it is denied.

10. Denied that Mr. Worthington made the statement attributed to him in this allegation.

11. Denied.

12. The allegations contained in paragraph 12 (a) through (f) contain conclusions of law to which no response is required. To the extent that the allegations are factual in nature, the United States denies that it was careless, reckless or negligent in any manner, including the manner described in paragraph 12 (a) through (f).

13. The allegations contained in paragraph 13 contain conclusions of law to which no response is required. To the extent that the allegations are factual in nature, the United States denies that it was careless, reckless or negligent in any manner, including the manner described in paragraph 13. The United States denies that the actions of its agents, employees or servants were the proximate cause of plaintiff's injuries.

14. The allegations contained in paragraph 14 contain conclusions of law to which no response is required. To the extent that the allegations are factual in nature, the United States denies that its agents, employees or servants were the proximate cause of plaintiff's injuries or cause him to incur future expense for medical treatment and care for his injuries.

15. Denied.

With respect to the allegations contained in the paragraph titled "wherefore," the United States avers that those allegations constitute plaintiff's prayer for relief to which no answer is required. To the extent that the allegations in the "wherefore" paragraph may be deemed to contain allegations of fact, they are denied.

16. The United States alleges and incorporates by reference all of its responses to paragraphs 1-15 inclusive.

17. The allegations contained in paragraph 17 (a) through (f) contain conclusions of law to which no response is required. To the extent that the allegations are factual in nature, the United States denies that it was negligent in any manner, including the manner described in paragraph 17 (a) through (f).

18. Denied.

With respect to the allegations contained in the paragraph titled "wherefore," the United States avers that those allegations constitute plaintiff's prayer for relief to which no answer is required. To the extent that the allegations in the "wherefore" paragraph may be deemed to contain allegations of fact, they are denied.

### FIRST AFFIRMATIVE DEFENSE

The injuries, damages and losses alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of any employee of the United States.

### SECOND AFFIRMATIVE DEFENSE

The United States did not fail to discharge a duty owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The doctrines of comparative negligence and contributory negligence under the laws of Pennsylvania apply.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), plaintiff is prohibited from recovering an amount against the United States in excess of that set forth in a claim validly presented to the General Services Administration.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief whatsoever. The United States denies each and every allegation of the Complaint that has not been otherwise admitted, denied or qualified.

WHEREFORE, the United States prays that the Complaint be dismissed with prejudice and that judgment be awarded in favor of the United States, together with costs and for such other and further relief as the Court deems appropriate.

Respectfully submitted.

PATRICK L. MEEHAN
United states Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____
CEDRIC D. BULLOCK
Assistant United States Attorney

OF COUNSEL:
Ken Kendal, Esquire
General Services Administration

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY TRALIES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-4822 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing

Defendant's Answer and Affirmative Defenses to the Complaint, were served by

first-class United States mail, postage prepaid, on the following:

    Richard C. Sokorai, Esquire
    1600 Market Street
    5th Floor
    Philadelphia, PA 19103


                                                _____
                                               CEDRIC D. BULLOCK
                                               Assistant United States Attorney

Date: September 20, 2002